## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARION W. OWES,                         :

      Plaintiff,                         :

vs.                                    :          CA 01-0307-CB-C

MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,[1]
                                       :
      Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court, pursuant to 28 U.S.C. § 636(b)(1)(B)

and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition

for authorization of attorney's fees under the Social Security Act, 42 U.S.C.

§ 406(b), as amended (Docs. 31 & 32). Upon consideration of all pertinent

materials contained in the file, it is determined that petitioner should receive

a reasonable fee in the amount of $675.00 under the Social Security Act.

## FINDINGS OF FACT

1.      Byron A. Lassiter, Esquire, was hired by plaintiff to represent

---

[1]      Effective February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Accordingly, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this action.

him in connection with his claims for disability insurance benefits and supplemental security income on or about August 25, 1998. (*See* Doc. 31, at ¶ 1) Approximately five months after the filing of the complaint in this case (Doc. 1 (complaint filed on May 1, 2001)), that is, on September 4, 2001, Owes executed a fee agreement wherein he agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision.  (Doc. 31, Exhibit G, at ¶¶ 2 & 3 ("It is understood and agreed that the attorney's fee will be 25% of the combined gross back benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Secretary, prior to any reduction under Section 1127(a) of the Act. It is understood that Social Security past due benefits represent the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim."))

2.     Following remand proceedings in this case (*see* Doc. 22 (order entered by this Court, consistent with the mandate of the Eleventh Circuit,

remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)), the Commissioner determined that plaintiff was entitled to a closed period of benefits commencing September 10, 1997 and concluding September, 2000. (*See* Doc. 32, Exhibit H).

3.      The total amount of past-due disability insurance benefits the Social Security Administration determined Mr. Owes was entitled to receive was $14,085.00. (*See* Doc. 32, Exhibit H, at 1) The Administration withheld 25% of that amount, that is, $3,521.25, for payment of attorney's fees. (*Id*.) The Social Security Administration awarded petitioner fees in this amount ($3,521.25) for services rendered before the Administration. (*See* Doc. 31, ¶ 11 ("The Petitioner filed an administrative fee petition with Judge Wein in the amount of $3,521.25 on November 17, 2006. Judge Wein issued an Authorization to Charge and Collect Fee in the amount of $3,521.25 on January 16, 2007. The Petitioner received payment of the administrative attorney fee on February 5, 2007."))

4.      Petitioner received copies of five Notices of Award dated May 8, 2007, advising him that auxiliary benefits were awarded to plaintiff's five children. (Doc. 31, Exhibits B-F) Those notices also advised petitioner that twenty-five percent (25%) of all past-due auxiliary benefits, $675.00 in all,

3

was being withheld for payment of attorney's fees. (Doc. 31, Exhibits B-E, at 1; Doc. 31, Exhibit F, at 2)

5.     Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Owes' claims.  The total time delineated therein is 33 hours.  (Doc. 31, Exhibit A)

6.     Petitioner requests that this Court approve an attorney's fee in the amount of $675.00, which represents the remainder of 25% of the past-due benefits to which the Administration has determined Owes, and his auxiliary beneficiaries, entitled under the Social Security Act (i.e., a total of $4,196.25), minus the $3,521.25 fee petitioner has received from the Social Security Administration for services rendered before the Administration (*see* Doc. 31, ¶ 11), for the 33  hours he spent before this Court representing Mr. Owes.

## CONCLUSIONS OF LAW

1.     Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of

4

section 405(I) of this title, but subject to subsection (d) of this section, certify

the amount of such fee for payment to such attorney out of, and not in addition

to, the amount of such past-due benefits."[2]  Section 406(b) thus "provides for

contingent fees to be charged *to the client*, with the amount to be set by the

district court subject to a statutory maximum."  *Watford v. Heckler*, 765 F.2d

1562, 1566 (11th Cir. 1985) (citation omitted); *see Meyer v. Sullivan,* 958 F.2d

1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may

be awarded under the Social Security Act is limited to 25% of the past-due

benefits awarded).

      2.      In a recent decision, the Supreme Court held that "§ 406(b) does

not displace contingent-fee agreements within the statutory ceiling; instead, §

406(b) instructs courts to review for reasonableness fees yielded by those

agreements."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817,

1829, 152 L.Ed.2d 996 (2002); *see also id*. at 807, 122 S.Ct. at 1828

("Congress has provided one boundary line:  Agreements are unenforceable

to the extent that they provide for fees exceeding 25 percent of the past-due

benefits. . . . Within the 25 percent boundary, as petitioners in this case

---

[2]      "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808, 122 S.Ct. at 1828 (internal citations omitted).

3.     In line with *Gisbrecht*, therefore, this Court will begin with the contingency fee agreement and will only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees

under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). See *Gisbrecht*, *supra*, 535 U.S. at 799 & 808-809, 122 S.Ct. at 1823-1824 & 1829.

4.    The Social Security Administration has determined that the past-due disability insurance benefits to which plaintiff is entitled to receive total $16,785.00 (*see* Docs. 31 & 32, Exhibits B-F & H); twenty-five percent (25%) of this amount is $4,196.25. The contingency agreement which Owes entered into on September 4, 2001 contemplates attorney's fees of as much as twenty-five percent (25%) of the claimant's past-due benefits following a favorable decision (*see* Doc. 31, Exhibit G) and it is clear that the amount requested by petitioner herein ($675.00), when combined with the $3,521.25 petitioner has been awarded by the Social Security Administration, is not more than 25% of the past-due benefits Owes and his auxiliary beneficiaries have been awarded in this case. There is no evidence that petitioner delayed this case in any manner and, clearly, the requested amount will not be a windfall to the

petitioner.[3] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount inherently reasonable. Accordingly, the Magistrate Judge recommends that the Court authorize petitioner to receive, as a fee for services rendered before this Court, the sum of $675.00, which, when added to the $3,521.25 petitioner has received from the SSA, represents 25% of the total of past-due benefits awarded plaintiff and his auxiliary beneficiaries.

5.      Upon receipt of the final judgment received in this matter, plaintiff's counsel will be authorized to retain from his trust account the previous EAJA attorney-fee award made in this case, that is, the October 31, 2003 EAJA award totaling $4,125.00 (Doc. 30). *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the

---

[3]      The request, when broken down, renders an hourly rate of approximately $20.45.

8

claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court."). Therefore, petitioner is **AUTHORIZED** to retain from his trust account the previous EAJA award made in this case totaling $4,125.00 and is **ORDERED** to distribute to Mr. Owes the smaller fee of $675.00 awarded under the Social Security Act. (*See* Doc. 31 ("[T]he Petitioner requests that the court include in its order an authorization for the Petitioner to retain the higher amount of $4,125.00 and pay to Mr. Owes the smaller sum of $675.00."))

## CONCLUSION

The Magistrate Judge recommends that petitioner receive as an attorney's fee for services rendered in this Court the sum of $675.00 pursuant to 42 U.S.C. § 406(b). Upon receipt of the final judgment in this case, petitioner is to refund to plaintiff the smaller attorney-fee award made under the Social Security Act totaling $675.00 and is authorized to retain from his trust account the EAJA attorney-fee award made totaling $4,125.00.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation

9

of the Magistrate Judge.

**DONE** this the 25th day of January, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

  s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE